# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

LEE ROMERO TRINIDAD and  
KARYN ANDREA TRINIDAD,

Case No. 04-10787-RGM  
(Chapter 7)

Debtors.

## MEMORANDUM OPINION

This case raises interesting questions on the proper scheme of distribution under §726 of the Bankruptcy Code in this joint case where tenancy by the entirety property is not claimed exempt and there are both joint and individual claims. The sole asset administered by the trustee was the debtors' home which appears to have been owned by them as tenants by the entirety with the common-law right of survivorship.[1] The debtors claimed the property exempt under the Virginia Homestead Act, Va.Code (1950) §34-4, but not under §522(b)(2)(B) of the Bankruptcy Code as tenants by the entirety property.[2]

It is clear that where tenancy by the entirety property is claimed exempt, it is only available to pay joint claims. That is, individual claims of either the husband or the wife are not paid from the proceeds of sale. If all joint claims are paid in full, the surplus is distributed to the debtors, not

---

[1] *See* Schedule A, "Real Property," where the debtors state that they own the property jointly (Docket Entry 1); Motion for Relief from Stay where the legal description is recited (Docket Entry 24); and Proof of Claim 4 filed by Irwin Home Equity to which the deed of trust is attached identifying the grantors as "husband and wife, tenants by the entirety with rights of survivorship."

[2] Tenants by the entirety property is exempt from claims of individual creditors, but not of joint creditors. *Bunker v. Peyton (In re Bunker)*, 312 F.3d 145 (4th Cir. 2002); *Williams v. Peyton (In re Williams)*, 104 F.3d 688 (4th Cir. 1997); *Sumy v. Schlossberg (In re Sumy)*, 777 F.2d 921 (4th Cir. 1985); *Greenblatt v. Ford (In re Ford),* 638 F.2d 14 (4th Cir. 1981).

to individual creditors. *Bunker v. Peyton (In re Bunker)*, 312 F.3d 145 (4th Cir. 2002). What is less clear is how the proceeds of entirety property are distributed if the property is not claimed exempt. The absence of precedent is not surprising because there is rarely any reason not to claim entireties property as exempt nor is there an established deadline to claim the exemption.

The guiding principle in a joint case may be that there are two estates. The two cases and the two estates are not substantively consolidated and, therefore, the proceeds from the sale of the entirety property should be distributed as if there were two separate filings. One-half of the proceeds would go into each estate.

If this is so, then the costs of administration should be allocated to the estate to which they pertain. If one expense relates to both estates, it should be prorated. For example, the bond premium should be prorated according to the size of each respective estate. The trustee's fee is based on the aggregate amount of funds distributed to creditors in the *case* but should be prorated between the two estates according to the funds distributed to creditors in each *estate*.[3] If there is no other rational basis for a proration, then the administrative expense should be apportioned equally between the two estates.

Following this guiding principle, joint claims and individual claims in each estate should be paid prorata. The amount of the joint claim in each estate should be the total amount of the claim, not one-half of the claim, provided that the joint claim is not paid – between the two estates – more than the claim itself.[4] This follows from an analysis of the distribution of funds if only one spouse

---

[3] Section 326(a) refers to "a case" or "the case", not an estate.

[4] It does not seem that interest is payable on a joint claim unless interest is payable to all unsecured creditors. The classes of claims are paid in the order of priority as set out in §726(a). Unsecured, nonpriority claims must be paid in full before interest is payable under §726(a)(5) to any claim.

filed a petition. In that instance, the full amount of the joint claim would be payable by his or her estate. If the other spouse filed his or her own case later – after the first estate were fully administered and closed – the balance of the joint claim would again be included in the scheme of distribution in the second case, not just half of it.[5] The fact that the estates are being administered simultaneously rather than sequentially should not alter this scheme of distribution.

Two amended proofs of claims were treated as tardily filed.[6] It appears that the general rule is that timely filed proofs of claims can be freely amended unless there is prejudice to other parties and that the amended proof of claim relates back to the timely filed proof of claim. *See, e.g., Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1 (1st Cir. 1992); *In re Unroe*, 937 F.2d 346 (7th Cir. 1991). It also appears that such an amended proof of claim should be allowed as timely filed unless an objection is filed.

The American Honda Financial Services amended proof of claim appears to be a deficiency claim after the sale of the vehicle. However, the proof of claim appears to include post-petition interest, expenses of repossession, transportation and storage, auction fees and legal expenses. Such expenses appear to be allowable under §506(b) if the value of the property securing the claim exceeds the claim itself and then only to the extent of such value.

---

[5] Each debtor's right of contribution against the other appears to be resolved and effectively eliminated by §502(e).

[6] American Honda Financial Services timely filed Proof of Claim 1 on April 16, 2004, as a secured claim and its Amended Proof of Claim 16 on August 24, 2005 after the bar date as an unsecured claim asserting a deficiency balance after repossession and sale of an automobile. Granite State Credit Union filed Proofs of Claims 5 and 6 on April 26, 2004, each secured by a separate vehicle. The proofs of claims were amended by Proofs of Claims 17 and 18, respectively, which assert smaller balances due, but still assert that they are secured claims.

The amended proofs of claims of Granite State Credit Union continue to state that they are secured. Neither amended claim contains an accounting of the sale of the vehicles, if they are deficiency claims, and it is not immediately apparent if §506(b) expenses have been included.

In light of the trustee's request to withdraw his Amended Final Report which will be granted, no rulings will be made on these matters at this time.

Alexandria, Virginia
November 21, 2005

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

H. Jason Gold
Joel S. Aronson
Frank Bove

Copy mailed to:

Lee Romero Trinidad
Karyn Andrea Trinidad
21856 Goldstone Terrace
Sterling, Virginia 20164

Mark S. Weiss
4328 Ridgewood Center Drive
Woodbridge, Virginia 22192

12515